UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ANNE R. ROSENTHAL, M.D.,             )
                                    )
       Plaintiff,                  )
                                    )   C.A. No. 17-cv-40064-TSH
       v.                          )
                                    )
UNUM GROUP, PROVIDENT LIFE AND       )
ACCIDENT INSURANCE COMPANY,          )
                                    )
       Defendants.                 )
_____

# DECISION AND ORDER ON DEFENDANTS' MOTION TO TRANSFER VENUE
(Doc No. 8)

**March 12, 2018**

**HILLMAN, D.J.**

Dr. Anne Rosenthal ("Plaintiff") entered into an insurance contract with Unum Group ("Unum") and Provident Life and Accident Insurance Company ("Provident Life") (collectively referred to as "Defendants") in 1992. She began receiving disability benefits under the insurance policy in 2014, until her benefits were denied. She brought the instant action in the District of Massachusetts against the Defendants for breach of contract (count I), breach of the covenant of good faith and fair dealing (count II), bad faith pursuant to 42 Pa.C.S.A. §8371 (count III), and unfair and deceptive acts and practices under Mass. Gen. Laws chapter 93A, § 9 (count IV). The Defendants subsequently filed a motion to transfer venue to the District of Kansas.

## Background

Unum is a Delaware corporation with a principal place of business in Chattanooga, Tennessee. Provident Life is a Tennessee corporation with its principal place of business in

1

Chattanooga, TN, with offices in a number of locations including Worcester, MA. Plaintiff currently resides in Kansas and has since 1999.

Plaintiff originally purchased and was delivered an insurance policy (the "Policy") by Defendants, while residing in Pennsylvania in 1992. Thereafter, Plaintiff moved to Arlington, Massachusetts where she lived at the time she increased her benefits under the Policy, effective May 1, 1998. In July of 1999, Plaintiff moved to Kansas where she worked as an orthopedic hand surgeon at Rockhill Orthopedic Specialists in Missouri.

On June 19, 2014, Plaintiff was forced to stop working due to ocular impairments. She submitted a claim for benefits under the Policy on July 3, 2014. Defendants approved Plaintiff's claim in November 2014 and provided benefits through October 8, 2015, when they were terminated. Plaintiff filed a number of appeals, all of which were denied out of the Defendants Worcester, MA office. The Plaintiff filed this action and the Defendants subsequently filed the instant motion to transfer venue to the United States District Court, District of Kansas.

## **Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought" pursuant to 28 U.S.C §1404(a).[1] It is the moving party's burden to establish that "an adequate alternative forum exists and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the second forum." *Iragorri v. International Elevator Inc*., 203 F.3d 8, 12 (1st Cir. 2000). There is a strong presumption in favor of the plaintiff's choice of forum. *Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda*., 906 F.2d 45, 52 (1st Cir. 1990). However, when the plaintiff's choice of forum has little or no connection to the

---

[1] It is undisputed in the present case that jurisdiction is proper in both Massachusetts and Kansas.

operative facts of the case, such as the plaintiff being a nonresident of the chosen forum, the court may afford less weight to their choice. *United States ex rel. Ondis v. City of Woonsocket*, 480 F. Supp. 2d 434, 436 (D.Mass.2007).

Additional factors the court should consider are the convenience of the parties, the convenience and location of the material witnesses and documents, connection between the particular issues involved in the case and the forum state, the applicable law, and any relevant state or public interests that may be involved in the case. *Momenta Pharm., Inc. v. Amphastar Pharm., Inc.*, 841 F. Supp. 2d 514, 522 (D. Mass. 2012). The convenience and location of witnesses is probably the most important factor for the court to consider in a motion to transfer. *Gemini Investors Inc. v. Ameripark, Inc*., 542 F. Supp. 2d 119, 126 (D. Mass. 2008).  In analyzing the convenience of nonparty witnesses, the court should assess the number, nature, and quality of each potential witnesses' testimony and whether or not they can be compelled to testify. *Id*. The moving party bears the burden of specifying the importance of the named witnesses. Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 21 (D. Mass. 1991).  Merely shifting inconveniences between the parties is not sufficient to overcome the deference afforded to the plaintiff's choice of forum.  *Momenta Pharm., Inc.*, 841 at 522. (quoting *Holmes Grp., Inc. v. Hamilton Beach/Proctor Silex, Inc.,* 249 F. Supp. 2d 12, 18 (D.Mass.2002)).

## **Discussion**

*Convenience of Witnesses*

The parties' dispute who the material witnesses are in this case.  It is the Defendants contention that five medical professionals and witnesses from Plaintiff's place of work, all of

whom are located in Kansas or Missouri,[2] will be necessary to litigate this claim. The Plaintiff acknowledges that she will need to bring at least one medical professional from Kansas in order to litigate.[3] Because the underlying issue is whether or not Plaintiff was unlawfully denied benefits under the Policy, the Plaintiff's diagnosis, symptoms, potential treatment, recovery, and job responsibilities are material. Therefore, the testimony and documents provided by the health care professionals who examined the Plaintiff, which includes all of the stated Kansas medical witnesses, are necessary, as is the Plaintiff's employer.

The Plaintiff argues that current and former employees of Defendant, all of whom live or work in Massachusetts, are material to this action. She asserts that employee witnesses are necessary to show that Defendants acted in bad faith and with deceptive practices. While testimony of some past and current employees may be material to this case, even at a cursory glance, it is highly improbable that testimony from ten employees, some of whom *may* have been involved in adjudicating Plaintiff's claim, is necessary.[4] Additionally, at least half of them are still employed by Defendants. Therefore, those witnesses can be secured to testify in Kansas. *See Sigros v. Walt Disney World Co.*, 129 F. Supp. 2d 56, 71 (D. Mass. 2001) (if "a court order or the

---

[2] Defendants contend, and Plaintiff does not dispute, that based on the individual witness addresses provided, even those located in Missouri fall within the subpoena power of the District of Kansas. See Fed. R. Civ. P. 45(b)(2). For purposes of this memorandum, all witnesses located in Missouri and Kansas may be referred to as "Kansas witnesses".

[3] To the extent that Plaintiff acknowledges "she may need to transport one or more healthcare providers to Worcester." (Doc. No. 17 at 8). However, she fails to cite any authority that supports the argument that the plaintiff's awareness and ability to pay for travel makes it any more convenient for such witnesses to be brought to court in Massachusetts, even voluntarily. *but see Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 19 (D. Mass. 1991) (The cost of travel and lodging of witness can be expensive and even if the party could afford to pay such expenses, travel can be a major disruption to a witnesses' life).

[4] The Defendants dispute that all of the witnesses named by Plaintiff assisted in adjudicating or otherwise involved in the Plaintiff's claim for benefits. (See Doc. No. 21 at.9).

persuasion of an employer who is a party to the action can secure the appearance of witnesses regardless of the location of forum, that factor diminishes in importance.").[5]

*Access to Proof and Location of Documents*

Consistent with the analysis above, Plaintiff's medical records, Plaintiff's employment records, and Defendants business records involving Plaintiff's claim are likely to be the most relevant documents in this case. However, because of the general mobility of documents, this factor is not a significant one in determining a motion to transfer venue. *See Princess House, Inc.*, 136 F.R.D. at 21. Therefore, because of the presumption of Plaintiff's choice of forum, this factor weighs slightly in favor of the case being litigated in Massachusetts.

*Operative Facts and Relationship*

The parties also dispute which state has a more significant relationship with this action. Plaintiff argues that because the Policy was issued and delivered in Massachusetts, the action should be litigated here. The Plaintiff points to two cases where Defendants argued that the state in which a policy was issued and delivered weighs heavily in favor of transfer, to support this contention. I do not find this argument to be convincing. While the Defendants have argued that a case should be transferred by pointing to the fact that the insurance policy was issued and delivered in the transferee state, this factor was not the sole reason for the transfer. For example, in *Lizaso v. Provident Life and Casualty Accident Insurance Company*, the Defendants moved for the case to be transferred from Nevada, where the plaintiff lived at the time the lawsuit was filed, to New York. 2017 WL 720545, at *2 (D. Nev. Feb. 22, 2017). Plaintiff argues that the case was transferred because, as Defendants pointed out, the insurance policy had originally been

---

[5] The Defendants state that they can "have their personnel, whether from Massachusetts, or Tennessee, appear in Kansas." (Doc. No. 9 at 9)

purchased, issued, and delivered to the plaintiff while living in New York. While true, this statement misconstrues the fact that additional factors were also taken into consideration. In addition to the plaintiff being domiciled in New York at the time the policy was issued, the plaintiff's disability arose in New York, her benefits were delivered to her in New York, and her benefits were subsequently terminated while she was living in New York. *Id*. With the exception of the state where the policy was issued, all other significant factors supporting the decision to transfer the case are present in the instant matter, and occurred in Kansas.[6]

The Plaintiff also points to *Sterling v. Provident Life and Accident Insurance Company*, where the Defendants argued that because the policy was issued in the transferee state, the benefits were initially paid there, and the claim arose there, the case should be transferred there. The court denied the motion however, finding that a large part of the contract was performed in Florida, such as the plaintiff's medical treatment, and the breach occurred in Florida because that is where he stopped receiving his benefits. 519 F. Supp. 2d 1195 (M.D.Fl. 2007). Again, the Plaintiff's argument is misplaced because the reasons the court pointed to in determining that the plaintiff's action should not be transferred, the place of treatment and the breach of the contract, here, occurred in Kansas, weighing in favor of transfer.

Additionally, Kansas has a greater interest in the resolution of this claim because the alleged breach occurred in Kansas and the Plaintiff lives there. Kansas has a significant interest in protecting its citizens and monitoring the conduct of companies conducting business within its

---

[6] Plaintiff was issued the Policy in Pennsylvania but received increased benefits under the Policy while living in Massachusetts for approximately one year. She subsequently moved to Kansas in 1999. Plaintiff became disabled in 2014, after being a Kansas resident for nearly 15 years, and began receiving benefits under the Policy. Defendants then terminated her benefits, in Kansas, under the Policy, giving rise to this action.

borders. Although it is true that Massachusetts has an interest in regulating business within its borders, I find Kansas's interest in the health and welfare of its residents, to be more significant.[7]

*Convenience of the Parties*

The convenience of the parties' is a factor to be weighed in determining whether or not a motion to transfer venue should be granted, with a strong presumption in favor of the Plaintiff's choice of forum. Here, it should be noted that the Plaintiff, who opposes transfer, is a resident of the transferee state. Because of the fact that the Plaintiff is a resident of the transferee state, and in consideration of the factors discussed above, her choice of forum is afforded less weight in this instance. *See United States ex rel. Ondis v. City of Woonsocket,* 480 F. Supp. 2d 434, 436 (D.Mass.2007) (where the plaintiff is a nonresident of the forum state, their choice of forum is afforded less weight). Additionally, it should be noted that here, Defendants are large businesses and are in a better position to incur the additional costs of litigation than the individual Plaintiff.[8] *See Sigros v. Walt Disney World Co.*, 129 F. Supp. 2d 56, 71 (D. Mass 2001) ("the balance of convenience focuses on the comparative financial abilities of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it."). This factor therefore weighs in favor of transfer.

---

[7] The parties dispute the applicable substantive law in this case. Because I find that regardless of which state law applies, the other factors weigh significantly in favor of transfer, I leave this issue to be determined by the judge assigned to this case in Kansas.

[8] It should be noted that while a party's attorney's location is not a factor to be considered, the Plaintiff in this case is represented by counsel who resides and practices in Kansas. *See United States ex rel. Ondis v. City of Woonsocket,* 480 F.Supp.2d 434, 436 (D. Mass. 2007) (quoting *In re Volkswagen AG,* 371 F.3d 201 (5th Cir.2004)).

## Conclusion

After consideration of the relevant facts involved in the matter at bar, I find that based on the convenience of the parties, convenience of the nonparty witnesses, and in the interest of justice, this matter shall be transferred to the District of Kansas. The Defendants motion to transfer (Doc. No. 8) is hereby ***granted***.

**SO ORDERED.**

***/s/ Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
